**STATE of Tennessee, Appellee,**

v.

**James Michael COMPTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 11, 1982.

Permission to Appeal Denied by Supreme Court Nov. 1, 1982.

Joe P. Binkley, Nashville, A. Andrew Jackson, Dickson, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, W.B. Lockert, Jr., Dist. Atty. Gen., J. Kenneth Atkins, Asst. Dist. Atty. Gen., Ashland City, for appellee.

## OPINION

TATUM, Judge.

The defendant, James Michael Compton, appeals from two aggravated rape convictions and one conviction for aggravated kidnapping. He was sentenced to penitentiary terms of 25 years and 30 years respectively on the rape convictions and to a 20 year term for the kidnapping conviction. The only issue presented for review is that prosecutorial misconduct deprived him of a fair and impartial trial. After considering the issue and the record, we conclude that the judgments must be affirmed.

Although no attack was made upon the sufficiency of the evidence, we will briefly discuss the facts. On the night of September 13, 1980, the 18-year-old victim met some girlfriends at a lounge in Nashville. She remained there until approximately 1:30 A.M. on September 14 at which time she drove to a girlfriend's house in East Nashville where she planned to spend the night. As she walked to the door from her automobile, the defendant drove up, flashed a police badge, and then pointed a gun at her, ordering her to get into his car. From there the defendant drove to a dead end road in Dickson County where he forced her, at gunpoint, to place his penis in her mouth. He then forced her to submit to vaginal penetration by his penis.

On the way back to Nashville, the victim became apprehensive that the defendant would kill her. For this reason, she assured the defendant that she would not report the incident to the police and pretended to be friendly with him. She gave him her telephone number, acting under the pretext that she would voluntarily see him again. The defendant told her his name and business. He told her that even if she complained to the police he would have an alibi; that he knew several police officers, and he also knew important people. Immediately upon her release, the witness reported the incident to police.

The defendant testified that after attending a movie, he went by the lounge and met the victim as he entered the door. He testified that although strangers, they engaged in conversation and the victim agreed to ride around with him that night. By prearrangement, the defendant testified that he followed her to her girlfriend's home where she got in his car voluntarily. He denied pointing a gun at her or flashing a badge. He admitted having sexual intercourse with her but testified that it was with her consent.

The defendant complains of a remark concerning John Dillinger made by the District Attorney during his cross-examination, in the following context:

"Q. You were charged with Aggravated Rape and Kidnapping and yet you never were locked up, not even for two minutes, were you?

A. That's right. Of course, once again, I've never been arrested or been in any trouble.

Q. Well, when John Dillinger robbed his first bank he's never been arrested neither . . .

MR. BINKLEY: We object to that.

MR. JACKSON: Your Honor, I object to that.

THE COURT: Sustained. It's improper, General.

MR. BINKLEY: That's an improper statement.

THE COURT: The jury will disregard that statement. That was an improper statement, it should not have been made."

The defendant later moved for a mistrial, but the motion was overruled. The trial judge admonished the District Attorney and instructed the jury to disregard his statement. The law presumes that the jury complied with the court's instructions. *Frazier v. State,* 566 S.W.2d 545 (Tenn.Cr. App.1977). The granting of a mistrial is within the discretion of a trial judge and this court will not disturb that action absent a finding of an abuse of discretion. *Frazier v. State, supra.* The judge's instruction cured the error and he did not abuse his discretion when he denied a mistrial.

■ The defendant complains of much of the State's final jury argument. The record reflects that he made no objection to any of the final argument complained of. It has long been firmly established that contemporaneous objection must be made to improper jury argument; otherwise, improper remarks of counsel afford no ground for a new trial. In *Rye v. State,* 532 S.W.2d 941 (Tenn.Cr.App.1975), this court said:

"Our cases hold that objections to improper jury argument must be made at the time. *Hunter v. State,* 222 Tenn. 672, 440 S.W.2d 1 (1969); *White v. State,* 210 Tenn. 78, 356 S.W.2d 411 (1962). In *Turner v. State,* 188 Tenn. 312, 219 S.W.2d 188, it was said:

'It is thoroughly settled, under our practice, that objectionable argument or improper remarks of counsel afford no ground for a new trial, where no objection is made or exception taken at the time of the argument. (citing cases).'

There are many good reasons for this rule. Among others, the trial judge can often effectively instruct the jury to disregard improper argument; counsel can be held within permissible limits before going so far as to commit harmful error; and, of course, defense counsel may be of the opinion that facially illegal argument is in a given instance more helpful than harmful to his client and deliberately waive any objection."

The rule requiring objections to erroneous argument is essential for the preservation of the justice system. To allow relief on errors which were unobjected to, would encourage litigants to allow errors to be committed at trial, in hopes of securing a favorable jury verdict; but safe in the knowledge that on appeal he would secure relief from the very error that could have been prevented or corrected by a timely objection. See, generally, *Hill v. State,* 513 S.W.2d 142, 143 (Tenn.Cr.App.1974). It is often good tactics for a defendant to permit inflammatory argument by the State without objection; on occasions, it happens that this creates sympathy on the part of the jury for the defendant and animosity toward the State. The question of whether to object to improper argument is a tactical decision for counsel. However, he must take one course or the other; he may not have the benefit of both.

The defendant relies upon *State v. Hicks,* 618 S.W.2d 510 (Tenn.Cr.App.1981), for the proposition that the error of improper argument may be preserved without objection. In that case, the court found that counsel was excused from objecting because of the general atmosphere of the trial. The trial judge had sided with the prosecution in the trial of the case, had overruled valid objections and had admonished defense counsel for making objection. Defense counsel was forced to repeatedly request the court to rule upon his objections.

■ Defense counsel in the instant case was not faced with the same difficulty of the defense in the *Hicks* case. In the instant case, the trial judge promptly and conscientiously ruled on all objections. He was courteous and considerate to counsel and, in general, presided over this trial in a judicious manner. He did not hamper the defendant in making objection to any inadmissible evidence or improper argument. The defendant waived any error committed by failing to object. The issue is overruled.

The judgments of the trial court are affirmed.

BYERS, J., and WILLIAM S. RUSSELL, Special Judge, concur.