STATE of Tennessee, Appellee,

v.

Joe HARDIN, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

March 29, 1985.

Paul J. Morrow, Jr., Mark J. Fishburn, Nashville, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Wm. Barry Wood, Asst. State Atty. Gen., Nashville, J. Kenneth Atkins, Dist. Atty. Gen., Charlotte, James W. Kirby, Asst. Dist. Atty. Gen., Ashland City, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of two counts of aggravated rape and two counts of incest. He was sentenced to forty years on each of the aggravated rape convictions and to thirteen years on each of the incest convictions. All of the sentences are to be served concurrently.

The defendant says the evidence does not support the verdict, says a mistrial should have been declared because of improper cross-examination of the defendant, says an instruction on alibi should have been

given, and says the trial judge erred by intervening in the cross-examination of the prosecutrix.

The judgments are affirmed.

The indictments in these cases charge that the offenses occurred in January and March of 1983.

The victim in this case is the daughter of the defendant, and at the time alleged in the indictments was eleven years of age. She testified that from the time she was five or six years old her father had been touching her between her legs; that he occasionally attempted to insert his fingers into her; and that he occasionally attempted to insert his penis into her. She was unable to say that the defendant penetrated her in this manner, but she testified he hurt her when he did these things.

In April of 1983, the child told a friend about what had occurred. Apparently, this child relayed the information to someone who reported it to the Department of Human Services. A counselor with the Department commenced an investigation of the matter. The counselor interviewed the child, who gave her a history of the events, which corresponded to the victim's trial testimony.

The child was examined by a physician who testified that the vaginal area showed chronic irritation and that the vaginal opening was stretched and open. The physician testified this was consistent with repeated episodes of something being inserted into the child's vagina over a minimum time of several months. The physician testified the vagina had been penetrated and that his findings were consistent with the child's report of the sexual acts. He testified on cross-examination that the physical condition could result from other circumstances, but he was of the opinion that this was not likely and the alleged activity of the defendant was most probably the cause of the condition which he found.

The defendant offered evidence that during the time alleged in the indictment he was away from the home most evenings and was never alone in the house with the child. He denied all of the allegations against him. The defendant's wife and son, in their testimony, supported the defendant's testimony, and the son testified his sister had told him none of this occurred.

The state, in cross-examination of the defendant, showed inconsistencies in the defendant's claim that he was never alone with the child in the time alleged.

The defendant says the evidence is insufficient because the proof does not show the child was penetrated, as required for a conviction of aggravated rape, and because the child was unable to give a specific date on which the offenses occurred.

■ There was sufficient evidence for the jury to find the child's vagina was penetrated. Although the child was unable to say whether this occurred, she testified the actions of the defendant caused her pain, and the physical examination showed the vagina had been penetrated.

The defendant further argues that because the child's testimony about the occurrence was so uncertain, he was hampered in his defense of the charges and could be subjected to further prosecution for the alleged acts within this period.

■ Unless a defendant can show he has suffered a substantial deprivation of his rights, he is not prejudiced. If the indictment sufficiently informs him of the charges against him and will protect him from future prosecution for the same offense, any variances are harmless. *State v. Moss*, 662 S.W.2d 590 (Tenn.1984). Unless a special date is essential or time is critical to the case, the time of an offense alleged in the indictment is not material. *State v. Fears*, 659 S.W.2d 370 (Tenn.Cr. App.1983).

■ The evidence in this case was sufficient to show the offenses were committed within the times alleged in the indictments, and the defendant has not demonstrated that he was deprived of any right to defend against the charges. Further, the indictments and proof are sufficient to protect him from further prosecution for acts of

this nature committed against this victim within the times alleged in the indictments.

The evidence in this case is sufficient for the jury to find guilt on each of these cases beyond a reasonable doubt.

■ On a pre-trial motion, the trial judge ruled that the state could not put on evidence of the defendant's sexual misconduct with an older daughter. When the defendant testified, the state asked him about this matter on cross-examination. The trial judge sustained the defendant's objection and strongly admonished the jury to disregard the question. Based on the evidence of guilt in this record and the admonition of the trial judge, we are of the opinion the reference did not affect the jury in reaching their verdict and did not require the trial judge to declare a mistrial. *See State v. Tyler,* 598 S.W.2d 798 (Tenn. Cr.App.1980).

■ The defendant complains because in closing argument the state argued that the child in this case was not molested until after the older sister left home and characterized this as "kind of funny." The defendant made no contemporaneous objection to this argument, and thus may not now assert it as a basis for obtaining a new trial. *State v. Compton,* 642 S.W.2d 745 (Tenn.Cr.App.1982).

■ The defendant insists that his evidence made out a clear issue of alibi supported by credible testimony which required the trial judge to instruct under the rule of *Christian v. State,* 555 S.W.2d 863 (Tenn.1977). The defendant correctly states the rule that applies when the evidence reaches the level described. However, unless the evidence makes out a clear issue, there is no mandatory requirement that the trial judge give such instruction. In the absence of a request, when the evidence does not rise to this level, the trial judge is not required to give such an instruction.

■ It is not clear from the evidence in this case that the defendant was raising a defense of alibi, *i.e.* that he was elsewhere. The thrust of his evidence was that although he was in the presence of the child during the times material to the charge he was not alone with her. But, even if his defense could be characterized as alibi, the evidence shows the defendant was present with the child at times and places when the acts could have been done. We conclude, therefore, that in the absence of clear indication the defense of alibi was raised and in the absence of a request for an instruction thereon, the defendant is not entitled to a new trial on this ground.

The child's testimony in this case was, as is usual for young children, somewhat hesitant and uncertain. In the course of her testimony, the trial judge asked if her statements about not remembering something meant that she did not know whether the sexual contact took place or that she did not know when it took place. The defendant says this was improper intervention in the questioning of a witness.

■ The trial judge may, in the exercise of discretion and with use of restraint, ask questions of witnesses to clear up confusion in the testimony of a witness. Unless the record shows the trial judge has so far questioned a witness in such a manner to clearly show the accused has been prejudiced, a new trial will not be granted. *Pique v. State,* 480 S.W.2d 546 (Tenn.Cr. App.1971). We find no error in the questioning of this witness by the trial judge.

DAUGHTREY and SCOTT, JJ., concur.