STATE of Tennessee, Appellee,

v.

Roy ANDERSON, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

June 7, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

**202**

Paul J. Morrow, Jr., Charles Ray, Nashville, for appellant.

W.J. Michael Cody, State Atty. Gen. and Reporter, Wm. Barry Wood, Asst. State Atty. Gen., Jack Seaman and Weakley E. Barnard, Asst. Dist. Attys. Gen., Nashville, for the appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated sexual battery and the punishment was fixed at twenty years, assault with the intent to commit sexual battery and the punishment was fixed at one year, aggravated rape with a punishment of life imprisonment, and of assault with intent to commit sexual battery with the sentence fixed at one year.[1]

The defendant has raised twelve assignments of error, which we will enumerate as they are discussed. We find no merit in any of the issues raised.

The judgments are affirmed.

The defendant does not attack the sufficiency of the evidence, which shows the defendant committed various acts of sexual nature against female relatives, all of whom were under the age of thirteen years at the time of the occurrences.

The indictment in this case was in four counts. The third count alleged the defendant forced one of the children to sub-

1. The first three offenses enumerated were committed prior to the Judge Sentencing Act, and the punishment was fixed by the jury. The fourth was subsequent thereto, and sentence was fixed by the judge.

mit to unlawful sexual penetration on divers days during the period of April, 1980, to March, 1982. The defendant insists the state should have been required to elect which act of penetration they would rely upon for conviction.

■ The evidence given by the child named in the third count of the indictment was that at divers times between April, 1980, and March, 1982, the defendant inserted his finger in her vagina and forced her to commit fellatio upon him. At the close of the state's proof, the trial judge directed the state to elect which offense they relied upon for a conviction. The state elected to rely upon the offense of fellatio. The state did not, however, elect a date for one of the divers acts of fellatio they intended to rely on.

The defendant insists this was erroneous under the holding in *Burlison v. State,* 501 S.W.2d 801 (Tenn.1973) (citing *Jamison v. State,* 117 Tenn. 58, 94 S.W. 675 (1906)), which held that an election was required to enable the defendant to defend against a particular charge, to protect the defendant against double jeopardy, and to assure that the jury's verdict not be a matter of choice with some convicting on one offense and others on another.

In *State v. Fears,* 659 S.W.2d 370 (Tenn. Cr.App.1983), this Court held that the election of the state to rely upon oral penetration without specifying the date thereof was not error even though the evidence showed the act was committed on divers dates during the times alleged in the indictment. Our Supreme Court denied the application of the defendant for appeal to that Court.

We are of the opinion that the failure to specify a date upon which one of the acts of fellatio occurred was not error within the holding of *Burlison.* Further, the defense in this case was a denial that any act of a sexual nature was ever committed by the defendant on the child. There is no showing in this record that the defendant was frustrated or hampered in the presentation of his defense. It is true, as the defendant claims, that the state's failure to elect a date for the offense upon which it

relied makes it impossible to determine which offense the jury found guilt upon or whether all convicted on the same offense. However, we do not deem this sufficient to vitiate the verdict of the jury in this case. The evidence was sufficient to support a finding of guilt beyond a reasonable doubt on all of the offenses shown in the proof. We can therefore find that the defendant has not been convicted of an offense on insufficient evidence, and he is not thus denied the constitutional protection requiring his guilt must be shown beyond a reasonable doubt.

In *State v. Hardin,* 691 S.W.2d 578 (Tenn.Cr.App.1985), we held that the defendant would be protected from a subsequent prosecution, under the double jeopardy clause, for any claimed offense against an alleged victim in an indictment which specified the offense occurred within the times alleged in the indictment. We hold, therefore, that this defendant would be protected against further prosecution for alleged offenses against the victim set out in the third count of this indictment from the period of April 1980 through March 1982.

By adopting this rule, the state may be permitted to bring prosecution in cases of this nature where the proof of the exact date of divers offenses cannot be shown, and thus the rights of the defendant under the double jeopardy clause may be preserved.

■ The defendant contends also that because of the failure to elect a date of the offense in the second and third counts of the indictment there is a fatal variance in the allegations in the indictment and the proof at trial. He concedes that this issue is intricately connected with the first issue raised on election of offenses.

It is only necessary that the evidence show that the offense was committed prior to the return of the indictment. *Sullivan v. State,* 513 S.W.2d 152 (Tenn.Cr.App. 1974). A claimed variance is not fatal unless it is material and prejudicial, and it is not material unless it would deprive an accused of the protection against double

jeopardy or mislead him at trial. *State v. Moss,* 662 S.W.2d 590 (Tenn.1984). Under our holding in *Hardin, supra,* and in this case, the defendant would not be denied the right to raise a claim of former jeopardy on future prosecution against the same victim within the period set out in the indictment.

■ The defendant says that the state did not adequately respond to his motion for a bill of particulars and says the trial court erred in not requiring the state to be more specific in their response thereto.

The purpose of a bill of particulars is to allow a defendant to prepare his defense, to avoid surprise, and to preserve a plea of double jeopardy. *See State v. Hicks,* 666 S.W.2d 54 (Tenn.1984).

In this case, the state was unable, because of the youth of the victim, to be more specific on the date. In the record before us, there is nothing to show the defendant was unable to prepare a defense to the charges and there is nothing to show he was surprised by the evidence presented. We have dealt with the double jeopardy issue on the previous assignments. We find no error in this regard.

■ There is no merit to the defendant's claim that count four of the indictment should have been dismissed because he was not granted a preliminary hearing on an arrest warrant charging this offense.

This record shows the defendant, through previous counsel, waived a preliminary hearing. The defendant now asserts he never authorized the action. We are of the opinion the record is insufficient to support that assertion. Further, there is nothing to show the defendant made demand for a preliminary hearing within thirty days of his arrest, as required under Rule 5, Tenn.R.Crim.P.

■ The trial judge properly denied the defendant's motion for a severance. The evidence shows the sexual acts were done against young girls, all of whom were related to the defendant. The manner and circumstances of the opportunity to commit the crimes, all done at the connivance of the defendant, and the similarity of the offenses made the proof of the separate offenses admissible as to each of the others. These separate offenses were therefore properly tried in one proceeding. *See State v. Peacock,* 638 S.W.2d 837 (Tenn.Cr. App.1982).

The defendant may not complain about evidence of his incestuous relationship with his sister and sister-in-law, because it was he who introduced this into evidence. One may not create an alleged error by his own doing and expect relief on appeal.

■ We find no error in the defendant's issue that the parents of the victims should not have been allowed to testify about what the children told them about the defendant's acts because the complaints were not sufficiently contemporaneous with the event to ensure there had been no time for fabrication. *See King v. State,* 210 Tenn. 150, 357 S.W.2d 42 (1962).

The evidence in this case shows the children did not report these events to their parents because the defendant had told them that it would cause serious trouble if they did. We think under the circumstances, which involved young children, the reports were properly admitted despite the time lapse. The lapse of time, though of consideration in determining whether the complaint is fresh, is not absolutely controlling on the matter. When there is a reasonable explanation for the delay in making the complaint, and the trial judge finds there is no likelihood of fabrication, the trial judge may, in his discretion, admit such evidence.

■ The trial judge properly allowed into evidence sympathy cards, sent to parents of the victims shortly before this case was set to begin.

The defendant fled the state shortly before this trial was originally scheduled. Sympathy cards containing a message which implied a threat to the mothers of the victims were received by each of them. One of the mothers, the defendant's former wife, identified the writing as that of the defendant.

The defendant claims the witness could not identify this writing because the cards were for the most part printed.

The trial judge had the duty and discretion to permit the introduction of the evidence and to pass upon the ability of the witness to identify the writing. Unless the evidence preponderates against his finding, the ruling of the trial judge will not be disturbed on appeal.

We are of the further opinion that the alleged threats made by the defendant against the parents were admissible and could be considered by the jury as raising an inference of the defendant's guilt.

■ The defendant insists that the trial judge erroneously ruled that the victims in these cases were not accomplices as a matter of law. Relying upon *Bethany v. State,* 565 S.W.2d 900 (Tenn.Cr.App.1978), he insists the trial judge should have instructed the jury that the testimony of an accomplice must be corroborated before a conviction may be had, and that whether the victims were accomplices was a question for the jury. The defendant particularly asserts that one of the children was an accomplice because she testified the defendant gave her ten dollars after the sexual act.

When the evidence clearly shows a witness is not an accomplice, as a matter of law, the court is not required to submit the issue to the jury or to give an instruction on the reception of an accomplice's testimony. *Bethany, supra.* The evidence in this case shows these children were not accomplices in these crimes, as all the proof shows they did not willingly join in the action of the defendant. The ten dollars given to one of the children after the act was a payment by the defendant to buy the child's silence. The trial judge properly refused the requested instruction.

■ At the motion for a new trial, the defendant presented evidence that one of the mothers was shaking her head as her child, who was a victim, testified. The trial judge recalled the court officer, on two occasions, stopped the mother from doing this. The defendant claims the testimony

of the child was influenced by this action and should have been stricken.

The trial judge found this activity took place in the beginning of the child's testimony and that it did not affect the testimony.

The finding of the trial judge on this issue is binding on appeal unless the evidence preponderates against the finding. The evidence does not preponderate against the finding of the trial court, and the defendant is not entitled to relief on this claim.

■ The defendant claims the jury verdict is tainted because one of the jurors, as shown by an affidavit, told the other jurors that if they fixed the punishment at life imprisonment he would have to serve thirty years before being eligible for parole.

The defendant insists this was extrinsic evidence received by the jury and it invalidated the verdict.

The matter raised by the defendant does not amount to extrinsic influence being brought to the minds of the jurors. This matter was something within the knowledge of a juror, and when he imparted it to the other jurors, if they in fact considered it, this was nothing more than the deliberative process which they followed. Jurors are generally knowledgeable in many areas, and they are entitled to use their common or acquired sense in arriving at a verdict, so long as the knowledge is not imparted to them outside the judicial proceeding in which they sit as jurors. The use of their extrinsic knowledge in the deliberative process does not fall into the category of extrinsic influence.

■ There is no merit to the defendant's claim that the trial judge erroneously refused to instruct the jury that they should consider the testimony of the children with caution because of their age.

When a child is found competent to testify, her credibility is to be determined as is the credibility of other witnesses. The trial court instructed the jury on the way to

judge the credibility of all witnesses. This was sufficient.

DWYER and DUNCAN, JJ., concur.