**STATE of Tennessee, Appellee,**

v.

**Zachary BYRD and Jean Byrd Hitchcock, Appellants.**

Supreme Court of Tennessee, at Knoxville.

Nov. 12, 1991.

Charles W.B. Fels, David M. Eldridge, Ritchie, Fels & Dillard, P.C., Knoxville, for appellant Byrd.

Brenda Lindsay, Knoxville, for appellant Hitchcock.

Charles W. Burson, Atty. Gen. and Reporter, C. Anthony Daughtrey, Asst. Atty. Gen., Nashville, William J. Blevins, Patricia A. Cristil, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

DAUGHTREY, Justice.

In this appeal, we are asked to determine whether the trial court erred in dismissing the presentment against the defendants when, in response to their motion for a bill of particulars, the state was unable to designate a specific date on which the charged offenses were alleged to have occurred. Because we agree with the Court of Criminal Appeals that the trial court dismissed the presentment prematurely, we affirm the judgment of the intermediate court and remand the case to the trial court for fur-

ther proceedings consistent with this opinion.

## I. *Procedural Background*

The defendants, Zachary Byrd and his former wife, Jean Byrd Hitchcock, were charged in 1988 in a nine-count presentment with committing multiple acts of aggravated rape and aggravated sexual battery against their two minor children, who were seven and eight years old at the time the presentment was returned. In five of those counts, Byrd was charged with the sexual penetration of his daughter "by placing his finger in [her] vagina," the sexual penetration of his daughter "by placing his finger in [her] anal opening," the sexual penetration of his daughter "by placing his penis in [her] vagina," the sexual penetration of his son "by placing his finger in [his son's] anal opening," and unlawful sexual contact with his son "by intentionally touching the primary genital area, groin, inner thigh, buttock and breast of [his son] for the purpose of sexual arousal and gratification." Similarly, Hitchcock was charged with the sexual penetration of her daughter "by placing her finger in [her daughter's] vagina," the sexual penetration of her daughter "by placing her finger in [her daughter's] anal opening," the sexual penetration of her son "by placing her finger in [her son's] anal opening," and unlawful sexual contact with her son "by intentionally touching the primary genital area, groin, inner thigh, buttock and breast of [her son] for the purpose of sexual arousal and gratification."

The presentment further alleged only that the offenses were committed in Knox County, Tennessee, "on the __ day of April, 1986, and on diverse and divers dates between that day and the __ day of May, 1988." Faced with the prospect of defending against nine allegations of sexual misconduct committed at unspecified times during a 25–month period, the defendants filed pretrial motions for bills of particulars, seeking information about "[t]he exact time, date and place of each offense alleged in each count of the indictment so that the defendant[s] may know when the offense occurred."

In response, the state filed a bill of particulars specifying that each offense included in the nine-count presentment "occurred at or around the residence at 1617 Andes Road, Knox County, Tennessee." In addition, one paragraph of the bill advised the defendants that one of the alleged offenses was committed "in one of the bedrooms in that residence." The bill contained no other relevant information.

Byrd then filed a "renewed motion for bill of particulars" alleging that the state's response "does *not* provide any information concerning the time or dates of the alleged commission of these alleged offenses." The trial court agreed, finding the bill of particulars insufficient to provide the defendants with adequate notice of the allegations against which they must defend, and dismissed the presentment.

The Court of Criminal Appeals reversed the trial court's order of dismissal, however. In its opinion, the intermediate court concluded that the presentment filed against the defendants was legally sufficient and should not have been summarily dismissed absent a showing that the defendants were actually prejudiced in their trial preparations. We agree.

## II. *The Charging Instrument*

The rule of law is well-established in Tennessee that the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time "is a material ingredient in the offense." T.C.A. § 40–13–207; *State v. Shaw*, 113 Tenn. 536, 537–38, 82 S.W. 480 (1904); *State v. West*, 737 S.W.2d 790, 792–93 (Tenn.Crim.App.1987). In fact, in order to establish the legal sufficiency of that charging instrument, the state need allege only that the offense was committed prior to the finding of the indictment or presentment. *Id.*

Pursuant to the provisions of both the Tennessee and federal constitutions, however, criminal defendants also have a right to know "the nature and cause of the accusation." Tenn. Const. Art. I, § 9; U.S. Const. Amend. 6. As Tennessee courts

have held, in order to satisfy the constitutional requirement, an indictment or presentment must provide a defendant with notice of the offense charged, provide the court with an adequate ground upon which a proper judgment may be entered, and provide the defendant with protection against double jeopardy. *See, e.g., State v. Pearce,* 7 Tenn. (Peck) 66, 67 (1823); *State v. Haynes,* 720 S.W.2d 76, 82 (Tenn.Crim. App.1986).

█ We conclude that the presentment in this case satisfies these minimum requirements. Clearly, the defendants have been placed on notice that they are charged with specific acts constituting aggravated rape and aggravated sexual battery, committed upon their minor children, who are named in the charging instrument. Moreover, there is nothing on the face of the presentment that would necessarily prevent the trial judge from entering a valid judgment in this matter. Finally, even without greater specificity in the presentment, the defendants will be protected against double jeopardy. Because of the state's failure to limit the time of the alleged offenses, the state would obviously be estopped from initiating subsequent prosecutions for any similar offenses against the same victims occurring within the same time period. *State v. Anderson,* 748 S.W.2d 201, 204 (Tenn.Crim.App.1985).

## III. *The Bill of Particulars*

Our finding that the presentment in this case is legally sufficient does not, however, end our inquiry. The trial court's dismissal of the presentment against the defendants was not, in fact, based upon the legal sufficiency or insufficiency of that instrument. Rather, the dismissal resulted from the allegedly inadequate bill of particulars filed by the state. We are, therefore, called upon to determine whether or not that bill of particulars is sufficient to meet the purposes for which the bill was required.

The purposes of a bill of particulars are threefold. According to applicable case law and treatises, the bill serves "to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at trial." *State v. Hicks,* 666 S.W.2d 54, 56 (Tenn. 1984), *citing* 1 C. Wright, *Federal Practice and Procedure,* Criminal, § 129 (1982); *State v. Anderson, supra.* Furthermore, the bill of particulars enables the defendant to preserve a plea of double jeopardy. *Id.*

█ The trial judge in this case properly ordered the state to file a bill of particulars to supplement the skeletal presentment drafted by the prosecution. Faced with charges unlimited by meaningful date restrictions, the defendants were entitled to information from the state sufficient to permit the preparation of their defense. *See State v. Hicks, supra.*

At the same time, it must be acknowledged that in many cases of child sexual abuse, the state will be unable to offer specific dates on which the alleged offenses occurred. As noted in Section II of this opinion, such inability should not necessarily serve as a basis for automatic, outright dismissal of an otherwise legally sufficient indictment or presentment. Rather, a court faced with this dilemma should make every effort to see that the prosecution supplies critical information in the bill of particulars. But it is only by *post hoc* examination of the matter that the court will be able to determine whether deficiencies in the bill of particulars prevented the defendant from preparing an adequate defense, caused undue and prejudicial surprise, or made untenable a later plea of double jeopardy. In other words, the trial court cannot determine whether or not the defendant has been hampered in his defense until the court knows what proof the state will offer as to the time and place of the offense, and how this evidence relates to the actual theory of defense. Generally, none of this will be apparent until the case has been tried.[1]

1. In *State v. Anderson, supra,* for example, an indictment alleged acts of child sexual abuse occurring between April of 1980 and March of 1982. The state was unable in that case, "because of the youth of the victim, to be more specific on the date." *Id.* at 204. The Court of

In recognizing these procedural limitations, however, we do not wish to imply that the prosecution may satisfy its burdens under Art. I, § 9 of the Tennessee Constitution, the Sixth Amendment to the United States Constitution, and Rule 7(c) of the Tennessee Rules of Criminal Procedure simply by alleging in a bill of particulars that it is unable to give specific dates on which the offenses occurred. There is always the possibility that descriptive information can be made available that will tend to narrow the time-frame of the indictment, even if exact dates cannot be provided.

For example, in a child sexual abuse case involving a victim too young to give exact dates, the child may be able to define the time of the offense by reference to such memorable occasions in a child's life as birthdays, seasonal celebrations and holidays, the beginning or end of the school year, or visitations by relatives. Here, for example, the two children ranged in age from five years old to eight years old during the two-year period in question. They were obviously able to give investigators enough information to permit the prosecution to isolate at least five separate acts of abuse, and perhaps as many as nine. The state's ability to distinguish one event from another suggests that the prosecution may have additional information in its possession that would enable the defense to identify more narrowly the time of the alleged offense and to refine and particularize its trial strategy, even if that information is not date-specific.

■ If, however, the state is truly unable to give even an approximate time of the alleged offense by means of descriptive reference, a conviction may nevertheless be affirmed if in the course of the trial it does not appear that the defendant's defense has been hampered by the lack of specificity. Conversely, a conviction must be reversed if trial testimony establishes that the state had in its possession, either actually or constructively, additional information that could have helped pinpoint the nature, time, or place of the offense, and withheld that information from the defendant. In withholding relevant information, the prosecution runs the risk that an otherwise valid conviction will ultimately be set aside. *See, e.g., State v. Hicks, supra.*

## IV.  *Conclusion*

The presentment in this case meets the minimal standards for legal sufficiency of a charging instrument. It follows that the trial court erred in dismissing the presentment before determining that the defendants will *in fact* be hampered in the preparation of their defenses or surprised by the evidence adduced at trial. The judgment of the Court of Criminal Appeals as to the order of dismissal is, therefore, affirmed. On remand, the trial judge is directed to reconsider the question of the adequacy of the state's response to the defendant's motion for a bill of particulars, in light of the principles discussed in Section III, above.

The costs of this appeal are assessed equally between the state and the defendants.

DROWOTA, O'BRIEN and ANDERSON, JJ., and BYERS, Special Justice, concur.

---

Criminal Appeals, examining the issue *after* the defendant had been put to trial, concluded that "there is nothing to show the defendant was unable to prepare a defense to the charges and there is nothing to show he was surprised by the evidence presented." *Id.* The court further held that the defendant was sufficiently protected against being placed in jeopardy again for similar offenses alleged to have been committed during the same time period.