THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

**MARLON SONTAY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-A-518    Jennifer Smith, Judge**

_____

**No. M2020-01312-CCA-R3-PC**
_____

The Petitioner, Marlon Sontay, appeals from the Davidson County Criminal Court's denial of post-conviction relief from his convictions for rape of a child, aggravated sexual battery, and rape. On appeal, the Petitioner contends that the post-conviction court erred by denying relief on his ineffective assistance of trial counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, Jr., JJ., joined.

Mark Kovach, Nashville, Tennessee, for the appellant, Marlon Sontay.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Glenn R. Funk, District Attorney General; Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 14, 2011, a jury convicted the Petitioner of four counts of rape of a child, two counts of aggravated sexual battery, and one count of rape. He received an effective sentence of fifty years. *See State v. Marlon Sontay*, No. M2012-01579-CCA-R3-CD, 2013 WL 3964119, at *1 (Tenn. Crim. App. July 31, 2013), *perm. app. denied* (Tenn. Dec. 30, 2013). At trial, the victim, the Petitioner's niece, testified that the abuse occurred during the summer between her fifth and sixth grade years when she was ages twelve and thirteen and the Petitioner lived with her and her family. *Id.* The trial evidence showed the following:

The victim explained that the first inciden[t] of abuse took place when her mother was in Houston. [The Petitioner] had been drinking and came into the victim's bedroom, touched her breasts and leg, and tried to l[ie] down with her on her bed. The victim told [the Petitioner] to leave. He complied.

A few days later, [the Petitioner], the victim, and the victim's younger sister were at home alone. [The Petitioner] took the victim to her bedroom where he undressed her, got on top of her, and put his penis inside her vagina. The victim asked him why he was having sex with her, and he responded that "he couldn't do it with anybody else."

The next incident occurred one day early in the school year when the victim was home sick from school. [The Petitioner] again took her to her bedroom and put his penis inside her vagina. She asked him to stop. He refused.

On yet another occasion, the victim was asleep in her room. She awoke to find [the Petitioner] in her room. He tried to put his penis in her "behind." He managed to get his penis in "a little bit."

Shortly before the victim's thirteenth birthday, [the Petitioner] woke the victim up in the middle of the night. He kissed her vagina and spit on it to make his penis go in easier.

There was one occasion during which [the Petitioner] asked the victim to come to his room to play video games on his computer. Once the victim was in his room, [the Petitioner] put his penis inside her vagina.

The abuse stopped after the victim's parents came home one day to find [the Petitioner] in the victim's bathroom. His clothing was on the floor of the victim's bedroom. The victim's father . . . threw [the Petitioner] out of the house and contacted police.

*Id.* at *2.

The Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed and filed an amended petition, alleging that the Petitioner received the ineffective assistance of trial counsel by counsel's failure to file a motion to sever the seven counts in the Petitioner's indictment, by counsel's failure to file for a bill of particulars related to the seven counts, and by counsel's failure to request specific jury instructions regarding attempted rape.

-2-

At the post-conviction hearing, trial counsel testified that he discussed with the Petitioner whether he should file a motion to sever the offenses. Counsel said he told the Petitioner he did not think filing the motion was a good idea because the trial court would likely deny the severance. Counsel said he told the Petitioner that if the court granted the motion to sever, the Petitioner was more likely to get consecutive sentences than if the Petitioner proceeded with one trial for all seven offenses. Counsel said he considered whether evidence of one offense could be used as propensity evidence regarding the other offenses but decided that "more harm than good would come" from having the offenses severed and that he did not see a "strategic benefit" to severance. Counsel said that he considered whether the offenses appeared to be part of a common scheme or plan. Counsel explained that the offenses included the same victim, the same house, the same room, and "the same issues" for each offense.

Trial counsel testified that he did not request a bill of particulars from the prosecutor. He explained that the indictment included a general time frame for the offenses and that the prosecutor told him the dates and times that would be included if he filed for a bill of particulars. Counsel said that he discussed with the Petitioner the "pros and cons" of requesting a bill of particulars. When asked if he considered that requesting a bill of particulars was an investigative technique to gather more information, counsel said that had he requested a bill of particulars the Petitioner might have been able to call a "witness or two." Counsel said that he did not think his failure to request a bill of particulars was detrimental to the defense because the Petitioner's defense was that the offenses never occurred. Counsel explained that regardless of when the offenses occurred, the Petitioner was not present. Counsel explained that the Petitioner said he was in Atlanta during one of the offenses. Counsel also said that the defense theory was "evolving from time to time" and that he saw no tactical advantage to requesting a bill of particulars.

Trial counsel acknowledged that he did not request lesser included offense instructions for the rape offense based on anal penetration and for the rape offense based on the Petitioner's kissing the victim's vagina on the basis that the victim's trial testimony indicated there may have been no penetration during these two offenses. Counsel said that reflecting back on the trial "possibly" a basis existed to ask the trial court for a jury instruction for attempted rape.

On cross-examination, trial counsel testified that the Petitioner's statement to the police was a "major hurdle" for the defense. Counsel said that during the Petitioner's recorded statement, the Petitioner admitted to "anally raping" and "fondling" the victim. Counsel said that he received discovery from the State and that he met with the Petitioner multiple times. Counsel said that all of his decisions throughout the trial were tactical.

The Petitioner testified[1] that trial counsel met with him once at court and once at the jail. He said counsel sent an associate attorney to visit the Petitioner a second time in jail. The Petitioner said that the time counsel visited him in jail, counsel "threaten[ed]" the Petitioner and told the Petitioner he would "die in jail" if he did not accept the State's plea offer. The Petitioner said counsel also told him that he "couldn't do anything in [the Petitioner's] case" based on counsel's previous experience as an assistant district attorney and that the State would "give him more than one hundred years." The Petitioner said that counsel never wanted to help him and that "they" could not agree on whether to accept the State's offer.

The Petitioner testified that trial counsel did "not completely" discuss the indictment and the charges with him. The Petitioner said that counsel did not review discovery with him and that he never discussed any of the specific dates and places where the offenses occurred. The Petitioner said that he gave counsel a list of witnesses to contact but that counsel never communicated with them. The Petitioner said that counsel never discussed severance, a bill of particulars, or jury instructions.

On cross-examination, the Petitioner said that trial counsel told him the case would be difficult because the Petitioner confessed to the police. The Petitioner also agreed that his case was difficult because during a telephone call to the victim's mother, the Petitioner confessed to her. The Petitioner said he reviewed the discovery provided by counsel.

In a written order denying relief, the post-conviction court found that trial counsel's performance was not deficient for his failing to file a motion to sever and that the Petitioner was not prejudiced. The court reasoned that the offenses could reasonably be deemed part of a larger, continuing plan or scheme, or conspiracy because each offense was committed against the same victim; the offenses occurred in the same location while the victim's parents were away; and all of the offenses were committed for the Petitioner's sexual gratification. The court also found that counsel's belief that the severance would not have been granted was reasonable and that his decision not to request a severance was a tactical decision.

The post-conviction court found that trial counsel's decision not to file a bill of particulars was neither deficient nor prejudicial. The court credited counsel's testimony that he received information from the prosecutor regarding the specific sex acts and the dates on which they occurred.

The post-conviction court found that trial counsel's failure to request jury instructions on the lesser included offense of attempted rape of a child did not prejudice

---

[1] The Petitioner testified with the assistance of an interpreter throughout the post-conviction hearing.

the Petitioner. The court found that the victim's trial testimony that the Petitioner's penis penetrated her anal opening "a little bit" and that the Petitioner "kissed [her] vagina" were sufficient to establish the element of penetration regarding his convictions for rape of a child by means of anal penetration and rape of a child by means of vaginal penetration. The court also considered the Petitioner's two statements admitting he had sexually penetrated the victim in each incident of rape of a child. The court reasoned that the Petitioner's trial strategy was to maintain that no sexual contact with the victim occurred, which was not consistent with a conviction for a lesser included offense. The court reasoned that the jury heard the Petitioner's two incriminating statements along with the victim's trial testimony and determined that the Petitioner was not entitled to relief on this issue.

Because the post-conviction court found that counsel's performance did not fall below an objective standard of reasonableness or that the Petitioner was not prejudiced by any alleged deficiency, the court denied relief. This appeal followed.

On appeal, the Petitioner contends that the post-conviction court erred by concluding that the Petitioner received the effective assistance of trial counsel. The Petitioner argues that he received the ineffective assistance of counsel by trial counsel's failures to file a motion to sever the offenses, to request a bill of particulars, and to request a jury instruction on the lesser included offense of rape of a child. The State responds that the post-conviction court did not err by concluding that the Petitioner failed to prove his ineffective assistance of counsel claim.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## I. Severance

The Petitioner argues that trial counsel was ineffective by failing to file a motion to sever the offenses. The Petitioner argues that none of the offenses were similar, except that they were sexual offenses perpetrated against the same victim. He argues that the offenses occurred far apart in time and could not be considered part of a common plan, scheme, or design.

Tennessee Rule of Criminal Procedure 8(b) provides the following with regard to joinder of offenses:

> (b)  **Permissive Joinder of Offenses.**—Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13, if:
>
> > (1)  the offenses constitute parts of a common scheme or plan; or
> >
> > (2)  they are of the same or similar character.

-6-

Tennessee Rule of Criminal Procedure 14(b) provides, in pertinent part:

> (b) **Severance of Offenses.—**
>
> (1) **Involving Permissive Joinder of Offenses.—** If two or more offenses are joined or consolidated for trial pursuant to Rule 8(b), the defendant has the right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible in the trial of the others.
>
> When considering a motion to sever, the trial court
>
> must conclude that: (1) the offenses are part of a common scheme or plan; (2) evidence of each offense is relevant to some material issue in the trial of all the other offenses, Tenn. R. Evid. 404(b)(2); and (3) the probative value of the evidence of other offenses is not outweighed by the prejudicial effect that admission would have on the defendant, Tenn. R. Evid. 404(b)(3); *Spicer* [*v. State*, 12 S.W.3d 438, 445 (Tenn. 2000).]

*State v. Denton*, 149 S.W.3d 1, 13 (Tenn. 2004). Proof of a larger "plan or conspiracy . . . contemplates crimes committed in furtherance of a plan that has a readily distinguishable goal, not simply a string of similar offenses." *Id*. at 15.

If a defendant seeks a severance of offenses that have been joined in the original indictment pursuant to Rule 8(b), he has the burden to assert his right to a severance pursuant to Rule 14(b)(1) or it will be waived. *Spicer*, 12 S.W.3d at 443. The trial court must grant the motion for a severance unless the offenses involve a common scheme or plan. Tenn. R. Crim. P. 14(b)(1).

In this case, trial counsel did not file a motion to sever because he believed the trial court would likely deny the motion. Moreover, counsel testified his decision was tactical and said that he believed the Petitioner was more likely to receive a lesser sentence if the offenses were tried together. The offenses involved the same victim, the same location, and the Petitioner's sexual gratification. The offenses were part of a larger plan or conspiracy, and evidence of each offense would be admissible at the trial of the other offenses without being overly prejudicial. Counsel based his decision on an informed strategy. The record supports the post-conviction court's determination that the Petitioner did not receive the ineffective assistance of counsel by counsel's failure to file a motion to sever the offenses. The Petitioner is not entitled to relief on this basis.

## II.     Bill of Particulars

The Petitioner argues that trial counsel was ineffective for failing to request a bill of particulars. The Petitioner argues that the indictment only included the statutory charging language and that he did not receive notice regarding the specific sexual acts, the time and date of the incidents, and the location of the incidents.

Tennessee Rule of Criminal Procedure 7(c) provides that on "a defendant's motion, the court may direct the district attorney general to file a bill of particulars so as to adequately identify the offense charged." The purpose of a bill of particulars is to provide the "defendant with information about the details of the charge against him if this is necessary to the preparation of his defense[,]" to assure "that a defendant has an opportunity to avoid prejudicial surprise at trial[,]" and "to preserve a plea against double jeopardy. *State v. Sherman*, 266 S.W.3d 395, 408-09 (Tenn. 2008) (internal citations omitted). "Information that may be required in the bill of particulars includes, but is not limited to, details as to the nature, time, date, or location of the offense." *State v. Speck*, 944 S.W.2d 598, 600 (Tenn. 1997) (citing *State v. Byrd*, 820 S.W.2d 739, 741-42) (Tenn. 1991)).

In this case, trial counsel testified that although the indictment was vague, the prosecutor provided him with the necessary details regarding the charged offenses. Counsel said that the prosecutor gave him all of the information that would have been included in a bill of particulars. Moreover, counsel explained that the defense strategy was that the Petitioner never committed the offenses. The trial court credited counsel's testimony that counsel received the necessary information to prepare adequately for trial. The record supports the post-conviction court's determination that the Petitioner did not receive the ineffective assistance of counsel by counsel's failure to request a bill of particulars. The Petitioner is not entitled to relief on this basis.

## III.     Jury Instruction

The Petitioner argues that trial counsel was ineffective by failing to request an instruction on criminal attempt as a lesser included offense of rape. The Petitioner argues that because of the victim's testimony that no penetration occurred when the Petitioner attempted to penetrate her anal opening with his penis or when the Petitioner "kissed" her vagina, an instruction on attempted rape was warranted.

A criminal defendant has "a right to a correct and complete charge of the law." *Hanson*, 279 S.W.3d at 280 (citing *State v. Garrison*, 40 S.W.3d 426, 432 (Tenn. 2000)). As a result, a trial court has a duty "to give proper jury instructions as to the law governing the issues raised by the nature of the proceeding and the evidence introduced at

trial." *State v. Hawkins*, 406 S.W.3d 121, 129 (Tenn. 2013) (citing *Dorantes*, 331 S.W.3d at 390); *see State v. Thompson*, 519 S.W.2d 789, 792 (Tenn. 1975).

A defendant's failure to request an instruction for a lesser included offense results in waiver. T.C.A. § 40-18-110(c). "Failing to request lesser-included offense instructions will not constitute deficient performance, however, if the decision was a matter of strategy." *Moore v. State*, 485 S.W.3d 411, 419 (Tenn. 2016) (citing *Goad,* 938 S.W.2d at 369).

In this case, trial counsel explained that his decision not to request a lesser included offense instruction was strategic because a request for attempted rape would conflict with the defense theory that the Petitioner did not commit any of the offenses. Moreover, the Petitioner failed to show that he was prejudiced by counsel's failure to request a jury instruction for attempted rape. The victim testified that the Petitioner penetrated her "behind" "a little bit" and that the Petitioner "kissed" her vagina. Moreover, the Petitioner confessed to the rape of a child offenses to an officer and to the victim's mother. This evidence is sufficient to support the Petitioner's convictions for rape of a child. *See* T.C.A. § 39-13-522(a) ("Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age."); *see also* T.C.A. § 39-13-501(7) (sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required"). The record supports the post-conviction court's determination that the Petitioner did not receive the ineffective assistance of counsel by counsel's failure to request a jury instruction on the lesser included offense of attempted rape. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE