IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville January 24, 2006

## JOSEPH D. GAINES v. KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13756     Robert Holloway, Judge**

_____

**No. M2005-01889-CCA-R3-HC - Filed February 7, 2006**

_____

The petitioner appeals the summary dismissal of his petition for writ of habeas corpus.  In this appeal, he asserts that the judgments are void because the indictment was defective.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Joseph D. Gaines, pro se.

Paul G. Summers, Attorney General & Reporter and Rachel E. Willis, Assistant Attorney General, for the appellee, Kevin Myers, Warden.

**OPINION**

On July 11, 2001, the petitioner pled guilty to two counts of rape of a child.  Pursuant to a plea agreement, the trial court imposed concurrent eighteen-year sentences to be served at 100% in the Department of Correction.  In August of 2003, the petitioner filed a petition for writ of habeas corpus which was summarily dismissed.  This court affirmed the dismissal on appeal.  See Joseph D. Gaines v. Kevin Myers, Warden, No. M2004-00725-CCA-R3-HC (Tenn. Crim. App., at Nashville, Nov. 4, 2004), perm. app. denied (Tenn. Feb. 28, 2005).  In May of 2005, the petitioner filed a second petition for writ of habeas corpus.  The trial court summarily dismissed.

In this appeal of the dismissal, the petitioner asserts that the judgments are void because each count of the indictment fails to allege the specific dates of the offenses.  He also asserts that the two counts allege only one offense.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended,

unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id. at 633.

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time when the content does not charge an offense or does not confer

jurisdiction. <u>Dykes v. Compton</u>, 978 S.W.2d 528 (Tenn. 1998). A criminal indictment must include a sufficient description of the offense to ensure that the defendant understands the nature of the charge. <u>Jackson v. Virginia</u>, 443 U.S. 307, 314 (1979). The essential functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. <u>State v. Byrd</u>, 820 S.W.2d 739, 741 (Tenn. 1991). Tennessee Code Annotated section 40-13-202, provides, in pertinent part, as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (2003). It is well-established that "the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time 'is a material ingredient in the offense.'" <u>Byrd</u>, 820 S.W.2d at 740 (quoting Tenn. Code Ann. § 40-13-207).

In this case, the indictment charged that "on a day between the 1st day of September, 1999, and the 4th day of December, 1999" the petitioner "did intentionally, knowingly, or recklessly engage in unlawful sexual penetration of [the victim], a child less than thirteen (13) years of age." The indictment also contains a citation to the applicable statute. Our supreme court has specifically approved of indictments almost identical to the one at issue. <u>See</u> <u>State v. Shelton</u>, 851 S.W.2d 134, 137 (Tenn. Crim. App. 1993); <u>State v. Brown</u>, 823 S.W.2d 576, 581 (Tenn. Crim App. 1991). Our high court has also approved an indictment which charged rape of a child less than thirteen years old and contained no date at all, observing that "in order to establish the legal sufficiency of that charging instrument, the state need allege only that the offense was committed prior to the finding of the indictment or presentment." <u>Byrd</u>, 820 S.W.2d at 740. In our view, the language in each count of the indictment was sufficient to apprise the petitioner of the nature of the charges against him, to enable the entry of a proper judgment, and to protect against double jeopardy. The indictment made reference to the applicable statute, identified the victim, and alleged the essential elements of the crime.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE