# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## RAYMOND HAYDEN v. WAYNE CARPENTER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 12-CR-9812      R. Lee Moore, Jr., Judge**

**No. W2012-02748-CCA-R3-HC  - Filed June 27, 2013**

The petitioner, Raymond Hayden, appeals the Lake County Circuit Court's dismissal of his 2012 petition for writ of habeas corpus in which he sought to challenge his 2009 Putnam County, guilty-pleaded conviction of the sale of cocaine. Following our review, we affirm the order of the circuit court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Raymond Hayden, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner attached to his petition for habeas corpus relief a copy of counts three and four of his indictment. Count three alleged the sale of .5 grams or more of cocaine, and count four alleged the delivery of the same. Both counts state that the offense occurred "on or about the 14th day of October, 2007." The judgment of the Putnam County Circuit Court imposed, via a guilty plea, a conviction of selling .5 grams or more of cocaine, a Class B felony, for which the petitioner was sentenced to a Range I term of nine years in the Department of Correction. The judgment was entered on October 19, 2009.

The substance of the petitioner's claim to habeas corpus relief is that, because he was incarcerated on October 14, 2007, the indictment's expression of October 14, 2007, as the date of the offense is obviously in error and that, for this reason, the court in Putnam

County lacked jurisdiction to enter the judgment of conviction.

The habeas corpus court held that the petition failed to state a claim for habeas corpus relief, determining that the claim, even if true, would render the indictment merely voidable and not void. We agree with the habeas corpus court.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn.1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); see *State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

"If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella*, 891 S.W.2d at 627. "In Tennessee, habeas corpus relief is available only when it appears *on the face* of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence has expired." *Yates v. Parker*, 371 S.W.3d 152, 154 (Tenn. Crim. App. 2012) (citing *Archer*, 851 S.W.2d at 164) (emphasis added).

The petitioner hinges his bid for habeas corpus relief upon the claim that his conviction judgment is void, and that claim turns upon whether the underlying indictment is

void. The petitioner asserts that the use of an erroneous offense date in the indictment invalidates the indictment. "The rule of law is well-established in Tennessee," however, "that the exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time 'is a material ingredient in the offense.'" *State v. Byrd*, 820 S.W.2d 739, 740 (Tenn. 1991) (citations omitted). "In fact, in order to establish the legal sufficiency of that charging instrument, the state need allege only that the offense was committed prior to the finding of the indictment or presentment," *id.*, which the indictment in the present case did. Furthermore, any question concerning the accuracy of the offense date as stated in the indictment may be answered only by consulting sources beyond the face of the indictment. The indictment counts as exhibited to the petition are facially valid, and hence, habeas corpus relief is not available.

Furthermore, to the extent that the petitioner's claim may be understood as a claim that he is actually innocent of the offense, we note that "evidence of actual innocence is not a ground for habeas corpus relief in Tennessee." *Steve Wallace v. State*, No. M2010-00769-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Nashville, Dec. 15, 2010) (citing *Ronald Turks, a/k/a Asad E. Mujihadeen v. State*, No. 02C01-9502-CR-00035 (Tenn. Crim. App., Jackson, Jan. 3, 1997); *see also Dellinger v. State*, 279 S.W.3d 282, 291 (Tenn. 2009) ("Claims of actual innocence not based on new scientific evidence may be brought in a petition for writ of error coram nobis, within one year after the judgment of conviction in the trial court becomes final, or later if the petitioner shows that due process precludes application of the statute of limitations. Such a claim may also be brought in an application for executive clemency once 'all possible state judicial remedies' have been exhausted." (citations omitted)).

Accordingly, the order of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE