
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 7, 2017

## ROOSEVELT BIGBEE v. JONATHAN LEBO, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6918     Joe H. Walker, III, Judge**

_____

### No. W2016-01997-CCA-R3-HC

_____

The petitioner, Roosevelt Bigbee, appeals the dismissal of his habeas corpus petition in which he alleged the felony murder indictment upon which he was convicted and incarcerated to be void. The petitioner asserts that because he was not separately indicted for the underlying felony of attempted robbery, upon which the felony murder conviction rested, the murder indictment is void. Following our review, we affirm the habeas court's dismissal of the petition as the petitioner has failed to show he is entitled to relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Roosevelt Bigbee, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; D. Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 1988, a Sumner County Grand Jury returned a two-count indictment charging the petitioner with the felony murder and aggravated robbery of Monty Clymer. After a jury trial, the petitioner was acquitted of aggravated robbery, but was convicted of felony murder and sentenced to death. Upon review by our Supreme Court, the petitioner's

sentence of death was reversed. Subsequently, the trial court held a re-sentencing hearing wherein the petitioner received a life sentence.[1]

In August 2016, the petitioner filed a habeas corpus petition claiming the indictment upon which his felony murder conviction rested was void. After its review, the trial court summarily dismissed the petition. This timely appeal followed.

**ANALYSIS**

On appeal, the petitioner argues that because he was not separately indicted for attempted robbery, the underlying felony in the felony murder indictment, he did not receive adequate notice of the charges against him. The State contends the petitioner's claims are meritless. Based upon our review of the record, we agree with the State.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

In Tennessee, an indictment is sufficient that states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. "Generally stated, an indictment is valid if it

---

[1] Petitioner is currently serving consecutive life sentences. The sentence at issue in this matter and a life sentence from Montgomery County. *State v. Roosevelt Bigbee*, No. 01-C019106CC00173, 1992 WL 75849 (Tenn. Crim. App. Apr. 16, 1992).

provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citing *State v. Byrd,* 820 S.W.2d 739, 741 (Tenn. 1991); *VanArsdall v. State,* 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); *State v. Smith,* 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). Furthermore, this Court has previously explained:

> The felony murder statute does not require that a defendant who is charged with first degree felony murder also be charged in a separate count of the indictment with the attempt or perpetration of the underlying felony, and "this court has observed that a felony murder indictment must allege that the killing was committed during the perpetration of a felony, but specific allegations of the elements and facts of the underlying felony are unnecessary."

*State v. Michael Lambdin*, No. E2014-00547-CCA-R3-CD, 2015 WL 1897461, at *5 (Tenn. Crim. App. Apr. 27, 2015) (quoting *Charles Dewayne Moore v. State,* No. E2006–02261–CCA–R3–PC, 2007 WL 1890652, at *5 (Tenn. Crim. App. July 2, 2007) (internal quotations omitted)).

Accordingly, the petitioner's argument on appeal is meritless. His imprisonment resulted from a felony murder conviction predicated on the attempted robbery of Monty Clymer. Count 1 of the original indictment alleges the petitioner "did unlawfully and feloniously kill and murder Monty Hugh Clymer during the attempt to perpetrate a robbery, thereby committing the crime of murder in the first degree." As such, the felony murder indictment stated the facts of the offense and "provided sufficient information" of the accusations against the petitioner. *Hill*, 954 S.W.2d at 727. Though the petitioner was also charged with and acquitted of aggravated robbery and was not separately charged with attempted robbery, neither renders his felony murder indictment void under Tennessee law. *Michael Lambdin*, No. E2014-00547-CCA-R3-CD, 2015 WL 1897461, at *5. As explained above, the petitioner's argument fails and the habeas court properly dismissed the petition as it demonstrated no right to relief.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the habeas corpus court.

_____
J. ROSS DYER, JUDGE