IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 8, 2005 Session

## STATE OF TENNESSEE v. FRANK PETER PINCHAK

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 242161     Rebecca Stern, Judge**

**No. E2004-01184-CCA-R3-CD - Filed April 25, 2005**

The defendant, Frank Peter Pinchak, entered a nolo contendere plea to vehicular assault, aggravated assault, and violation of the implied consent law. The trial court deferred the imposition of two concurrent two-year sentences for vehicular assault and aggravated assault, placing the defendant on judicial diversion for a term of six years. For violating the implied consent law, the trial court suspended the defendant's license for one year. The trial court then dismissed *sua sponte* the implied consent law violation, noting that the indictment failed to charge a criminal offense. The State appeals the single issue of whether the trial court erred in dismissing the implied consent violation and argues that diversion is inappropriate if the offense is reinstated. Concluding that an indictment is not a necessary prerequisite to adjudication of a civil implied consent law violation, we reverse the trial court's dismissal of the charge, remand the case for reinstatement of the trial court's original imposition of a one-year suspension of the defendant's driver's license, and conclude that diversion is not appropriate for this civil offense.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Jerry H. Summers, Chattanooga, Tennessee, for the appellant, Frank Peter Pinchak.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William H. Cox, III., District Attorney General; and Steven H. Strain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

The facts presented at the plea hearing established that the defendant was operating a motor vehicle on Lake Resort Drive in Hamilton County on November 3, 2001. The defendant's vehicle struck a van, causing it to veer off the road and flip upside down. The collision caused physical injury to two victims, who were inside the van. When police officers responded to the accident, the defendant appeared intoxicated, refused to submit to a field sobriety test, and refused to sign an implied consent form.

The Hamilton County Grand Jury returned an indictment charging the defendant with (1) driving under the influence of an intoxicant (D.U.I.); (2) vehicular assault; (3) aggravated assault; and (4) violation of the implied consent law. Pursuant to an agreement by the parties, the State dismissed the D.U.I. charge, and the defendant pled nolo contendere to the remaining three offenses.

For the vehicular assault and the aggravated assault, the trial court sentenced the defendant to two concurrent two-year sentences but granted the defendant's request to be placed on judicial diversion for a term of six years. Before granting diversion, the trial court heard the testimony of defense witnesses, finding that "[the defendant] has made extraordinary efforts towards rehabilitation and the acceptance of responsibility." For violation of the implied consent law, the trial court suspended the defendant's driver's license for one year.

The defendant then filed a post-hearing memorandum, arguing that the trial court had the authority to grant judicial diversion for the implied consent violation. The defendant also stated that, although he initially refused a breathalyzer test, he subsequently offered to take a blood alcohol test and blood was drawn at the hospital. The State objected to the defendant's contention, arguing that the one-year suspension was appropriate. The trial court entered an order that stated:

> [C]ount 4 of the indictment, though it charges the defendant with failure to submit to a blood alcohol test, does not charge a criminal offense, the Court finds that it should be dismissed *sua sponte*, the defendant's request for deferral of the entry of judgment on that count denied as moot, and the state's request for suspension of the defendant's driving privileges pursuant to [section] 55 10 406 denied. *See* Tenn. Code Ann. § 55 10 406(a)(3) (providing that a violation of that statute is not a criminal offense, except when it occurs while the defendant is driving on a revoked, suspended, or cancelled license, in which event it constitutes a Class A misdemeanor); Tenn. R. Crim. P. 12(b)(2) (authorizing a trial court to notice the failure to charge an offense at any time during the pendency of proceedings).
>
> . . . .
> The Court therefore ORDERS as follows:
> (1) that the subject requests be denied and
> (2) that count 4 of the indictment be dismissed.

The trial court then entered a nunc pro tunc order that set forth the conditions of judicial diversion for the aggravated assault and vehicular assault charges and formally dismissed the D.U.I. and implied consent charges. From this order the State appeals.

**Analysis**

Before addressing the merits of this appeal, we believe a review of Tennessee's implied consent law will be helpful. In Tennessee, "[a]ny person who drives any motor vehicle . . . is deemed to have given consent to a test for the purpose of determining the alcoholic or drug content of that person's blood; provided, that such test is administered at the direction of a law enforcement officer having reasonable grounds to believe such person was driving while under the influence of an intoxicant or drug." Tenn. Code Ann. § 55-10-406(a)(1). This statute "clearly intends that the officer with knowledge about the available . . . equipment and facilities shall select the testing method." State v. Turner, 913 S.W.2d 158, 162 (Tenn. 1995). When a law enforcement officer requests a driver to submit to a test, that officer "shall, prior to conducting such test, advise the driver that refusal to submit to such test will result in the suspension of the driver's operator's license by the court." Tenn. Code Ann. § 55-10-406(a)(2). Thus, one arrested for D.U.I. who refuses to submit to a test, after being advised that refusal will result in a suspension of the driver's license, is charged with violation of the implied consent law. Tenn. Code Ann. § 55-10-406(a).

The court responsible for determining whether a driver violated the implied consent law is "the same court as the one disposing of the offense for which such driver was placed under arrest." Tenn. Code Ann. § 55-10-406(a)(3). If the court determines a driver to have violated the implied consent law, the court *shall* revoke the driver's license for the period of time designated in the statute. Id. (emphasis added).

The statute delineating the implied consent law is not "a criminal statute, but a statute which confers an administrative penalty." Turner, 913 S.W.2d at 163; see also Tenn. Code Ann. § 55-10-406 (a)(3) ("[T]he driver shall not be considered as having committed a criminal offense."). However, if the court or jury finds that the driver violated the implied consent law while driving on a revoked, suspended, or cancelled license as a result of a prior enumerated conviction, "such driver commits a Class A misdemeanor and shall be fined not more than one thousand dollars ($1,000) and shall be sentenced to a minimum mandatory jail or workhouse sentence of five (5) days which shall be served consecutively, day for day, and which sentence cannot be suspended." Tenn. Code Ann. § 55-10-406(a)(3). "[A] driver is not subject to the *criminal* sanctions . . . unless he or she has one of the referenced prior convictions *and*, as a result thereof, was 'driving on a revoked, suspended or cancelled license' at the time of the stop." State v. Michael Douglas Willis, No. E2002-00769-CCA-R3-CD, 2002 WL 31556510, at *3 (Tenn. Crim. App., at Knoxville, Nov. 19, 2002) (quoting Tenn. Code Ann. § 55-10-406(a)(3)).

In the instant case, we initially note that the record provides no indication that the defendant was driving on a revoked, suspended, or cancelled license. Thus, the defendant pled nolo contendere to a civil violation of the implied consent law, not a criminal offense.

Recognizing that the indictment did not charge a criminal offense, the trial court employed Tennessee Rule of Criminal Procedure 12(b)(2)[1] to *sua sponte* dismiss the indictment. However, a valid indictment is not a prerequisite to the trial court's ability to suspend the defendant's driver's license for a civil violation of the implied consent law. The State simply chose to notify the defendant of the implied consent violation through use of an indictment. The statute at issue does not clarify what charging instrument should be used to adjudicate a person for violating the implied consent law. However, this Court has previously upheld the imposition of a civil implied consent violation framed in an indictment. See Willis, 2002 WL 31556510, at *3. As provided in the statute, "[t]he determination as to whether a driver violated the [implied consent law] shall be made at the same time and by the same court as the one disposing of the offense for which such driver was placed under arrest." Tenn. Code Ann. § 55-10-406(a)(3). Thus, although this violation is civil in nature, it still must be adjudicated along with the ancillary indicted criminal offenses and in the same court.

The defendant did not contest the facts as presented at the hearing. Based upon these facts, the trial court initially determined that the defendant had violated the implied consent law and, therefore, suspended his license for the statutorily defined period of one year. This imposition was proper and must now be reinstated. Tennessee Code Annotated section 55-10-406(a)(3) states that "the court shall revoke the license of such driver" for a period of one year if the driver is determined to have committed an implied consent violation.

Finally, the State argues that judicial diversion is not authorized under Tennessee Code Annotated section 40-35-313 (2003) for a civil implied consent violation. We agree. Tennessee Code Annotated section 55-10-406(a)(3) mandates that a driver in violation of the implied consent law (1) "shall be charged with violating this subsection" and (2) that the trial court "shall revoke the license of such driver." The trial court cannot circumvent the mandatory language of the statute in this case by granting judicial diversion. Furthermore, the defendant's violation of the implied consent law in this case is not a criminal offense; it is a civil offense imposing an "administrative penalty." The judicial diversion statute, Tennessee Code Annotated section 55-10-406, only applies to adjudication of criminal offenses under the Tennessee Sentencing Reform Act of 1989. In consequence, the defendant's request for judicial diversion of the mandatory one-year license suspension is without merit in this case.

## Conclusion

For the foregoing reasons, we reverse the dismissal of the implied consent law violation and remand the case for reinstatement of the trial court's original imposition of a one-year suspension of the defendant's license.

---

[1] Tennessee Rule of Criminal Procedure 12(b)(2) authorizes a trial court to notice a defect in an indictment at any time during the pendency of the proceedings.

_____

J.C. McLIN, JUDGE