# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
May 24, 2012 Session

## STATE OF TENNESSEE v. CHRISTOPHER HEMBROOK

**Appeal from the Circuit Court for Van Buren County**
**No. 1490C      Larry B. Stanley, Jr., Judge**

**No. M2011-01358-COA-R3-CV - Filed July 31, 2012**

Defendant, who was arrested for DUI and subsequently refused to submit to a blood test, appeals the revocation of his driver's license, contending that he was not properly informed of the consequences of refusal to take the test. We hold that the defendant was adequately advised under the circumstances presented and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Cindy H. Morgan, Sparta, Tennessee; and Howard Luxon Upchurch, Pikeville, Tennessee, for the Appellant, Christopher Hembrook.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Rachel Habibe Jrade-Rice, Mark A. Fulks, and Clarence E. Lutz, Assistant Attorneys General, for the Appellee, the State of Tennessee.

## OPINION

BACKGROUND

On February 15, 2011, Christopher Hembrook ("Hembrook") was arrested and charged with driving under the influence of alcohol in violation of Tenn. Code Ann. § 55-10-401. Hembrook was taken to the Van Buren County Sheriff's office where the arresting officer read Hembrook a form entitled, "Tennessee Implied Consent Advisement for Use in Mandatory Test Cases Per T.C.A. § 55-10-406(f)." The form

-1-

advised Hembrook, *inter alia*, that his driving privileges might be revoked if he failed to submit to a chemical test to determine the alcohol or drug content of his blood. Hembrook refused to submit to the test and was subsequently charged with violating Tenn. Code Ann. § 55-10-406.

The General Sessions Court for Van Buren County held a preliminary hearing on April 14 at which it bound the DUI charge over to the grand jury and revoked Hembrook's license "pursuant to 55-10-406."[1]  On April 21, Hembrook filed a petition for certiorari in the Circuit Court for Van Buren County, asserting that the revocation of his license was improper because the arresting officer had not properly advised him of the consequences of refusing the test.  Hembrook contended that the form read to him by the arresting officer was "not applicable to him" and that the circumstances of his arrest did

_____

[1]  Tenn. Code Ann. § 55-10-406(a) states in pertinent part:

(4)(A) Except as required by subsection (f), court order or search warrant, if such person, is placed under arrest, requested by a law enforcement officer to submit to either or both tests, advised of the consequences for refusing to do so, and refuses to submit, the test or tests to which the person refused shall not be given, and the person shall be charged with violating this subsection (a).  The determination as to whether a driver violated this subsection (a) shall be made at the driver's first appearance or preliminary hearing in the general sessions court, but no later than the case being bound over to the grand jury, unless the refusal is a misdemeanor offense in which case the determination shall be made by the court which determines whether the driver committed the offense; however, upon the motion of the state, the determination may be made at the same time and by the same court as the court disposing of the offense for which the driver was placed under arrest.  If the court finds that the driver violated this subsection (a), except as otherwise provided in subdivision (a)(5), the driver shall not be considered as having committed a criminal offense; however, the court shall revoke the license of the driver for a period of:

(i) One (1) year, if the person does not have a prior conviction for a violation of § 55-10-401, § 39-13-213(a)(2), § 39-13-218, § 39-13-106, or § 55-10-418, in this state, or a similar offense in any other jurisdiction;

(ii) Two (2) years, if the person does have a prior conviction for an offense set out in subdivision (a)(4)(A)(I);

(iii) Two (2) years, if the court finds that the driver of a motor vehicle involved in an accident, in which one (1) or more persons suffered serious bodily injury, violated this subsection (a) by refusing to submit to such a test or tests; and

(iv) Five (5) years, if the court finds that the driver of a motor vehicle involved in an accident in which one (1) or more persons are killed, violated this subsection (a) by refusing to submit to such a test or tests.

not "implicate mandatory chemical testing under § 406(f)."[2]  On April 25, the State filed a motion to dismiss the petition for certiorari[3]; on the same day Hembrook appealed the general sessions court judgment to the circuit court.

On May 16, the circuit court entered an order on Hembrook's appeal of the revocation of his license.  The court found that "although the defendant was 'misinformed' or read provisions that [were] inapplicable to his position, the Defendant was advised that he would lose his license if a Judge found that he refused a chemical test. . . that the Defendant did refuse the sample testing although made aware of the consequences of refusal. . . [and] that the requirements were met for the Defendant to have his driver's license revoked."  The court upheld the revocation of his license.

Hembrook filed a timely appeal and raises the following issue for our review:[4]

Whether the admonitions read to Defendant were proper and sufficient pursuant to Tenn. Code Ann. § 55-10-406 to require the revocation of Defendant's license for one year.

---

[2]  Tenn. Code Ann. § 55-10-406(f)(1) states:

If a law enforcement officer has probable cause to believe that the driver of a motor vehicle was involved in an *accident resulting in the injury or death of another has committed a violation of § 39-13-213(a)(2), § 39-13-218, or§ 55-10-401*, the officer shall cause the driver to be tested for the purpose of determining the alcohol or drug content of the driver's blood. *The test shall be performed in accordance with the procedure set forth in this section and shall be performed regardless of whether the driver does or does not consent to the test.*

Tenn. Code Ann. § 55-10-406(f)(1) (emphasis added).  It is undisputed that Hembrook was not involved in an accident, and that he did not cause injury or death to another.

[3]  There is nothing in the record to suggest that the motion to dismiss was ruled upon.

[4]  Although not specifically asserted as a separate issue on appeal, the Attorney General notes in footnote 1 of its brief that "the law is somewhat unsettled on the question of whether an appeal from a judgment finding a violation of the implied consent law is properly made to this Court or to the Court of Criminal Appeals."  Our Supreme Court noted in *State v. Collins*, 166 S.W.3d 721 (Tenn. 2005), that the language in Tenn. Code Ann. § 55-10-406(a)(3), now codified at Tenn. Code Ann. § 55-10-406(a)(4)(A), provides that "revocation of a driver's license under the circumstances applicable to Collins does not constitute a criminal offense, as it confers only an administrative penalty." 166 S.W.3d at 727. *See also State v. Pinchak*, 277 S.W.3d 912, 915 (Tenn. Crim. App. 2005) ("The statute delineating the implied consent law is not 'a criminal statute, but a statute which confers an administrative penalty.')  Hembook's appeal is properly before this Court.

-3-

The issue raised is a question of law; consequently, we review the trial court's ruling *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *see also Cumberland Bank v. G & S Implement Co., Inc.*, 211 S.W.3d 223, 228 (Tenn. Ct. App. 2006).

DISCUSSION

Hembrook contends that his license should not have been revoked because "he was not properly informed of the potential consequences for failing to take the test." He asserts that, since he was not involved in an accident and was arrested only for driving under the influence, the form from which he was advised of the consequences of failure to take the test was not applicable to him; thus, he was not properly advised as required by Tenn. Code Ann. § 55-10-406(a)(3). We do not agree.

Any person who drives a motor vehicle in Tennessee "is deemed to have given consent to a test or tests for the purpose of determining the alcoholic content of that person's blood." Tenn. Code Ann. § 55-10-406(a)(1). The statute provides that the court has authority to revoke the driver's license of a driver who refuses to submit to an alcohol or drug test if the driver was advised of the consequences of refusing to take the test. *See* Tenn. Code Ann. § 55-10-406(a)(3).[5] Where the driver has been involved in an accident resulting in injury or death, Tenn. Code Ann. § 55-10-406(f)(1) provides that the officer "shall cause the driver to be tested for the purpose of determining the alcohol or drug content of the driver's blood."

The form read to Hembrook stated in pertinent part:

There exists probable cause to believe you were driving or in physical control of a motor vehicle while under the influence of alcohol and/or drugs (DUI) and the vehicle you were operating was involved in a crash resulting

---

[5] Tenn. Code Ann. § 55-10-406(a)(3) states in pertinent part:

Any law enforcement officer who requests that the driver of a motor vehicle submit to either or both tests authorized pursuant to this section, for the purpose of determining the alcohol or drug content, or both, of the driver's blood, shall, prior to conducting either test or tests, advise the driver that refusal to submit to the test or tests will result in the suspension by the court of the driver's operator's license . . . *The court having jurisdiction of the offense for which the driver was placed under arrest shall not have the authority to suspend the license of a driver . . . who refused to submit to either or both tests, if the driver was not advised of the consequences of the refusal.*

Tenn. Code Ann. § 55-10-406(a)(3) (emphasis added).

-4-

in the injury or death of another.  As required under T.C.A. § 55-10-406(f), I am hereby requesting that you submit to a chemical test or tests to determine the alcohol and/or drug content of your blood.

*As required by State law I must advise you that if you refuse to submit to either or both tests, you will be charged with the offense of violation of the implied consent law.  If the judge finds you guilty of this separate offense your driver's license will be suspended for a period of at least one year.*

(Italics added).

Whether Hembrook was arrested only for DUI or was also involved in an accident causing injury or death is inconsequential in determining if he was properly advised of the consequences of failing to submit to the blood test, as required by Tenn. Code Ann. § 55-10-406(a)(3).  The record shows that the arresting officer requested that Hembrook submit to a test, that Hembrook was advised of the consequences of refusal to take the test and refused it, and that, as a result, his license was revoked.  The language quoted in italics above was accurate and complies with the requirement of Tenn. Code Ann. § 55-10-406(a)(3) that Hembrook be advised of the consequences of refusing the test.[6] Hembrook was properly notified, and the trial court did not err by revoking Hembrook's driver's license.

CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court of Van Buren County is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[6] *See also State v. Collins,* 166 S.W.3d 721, 727 (Tenn. 2005) (holding Tenn. Code Ann. § 55-10-406(a)(2), now codified at § 55-10-406(a)(3) sets "general parameters" and requires that a driver be informed that refusal to be tested will result in a license suspension.