IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 3, 2018

**STATE OF TENNESSEE v. CHRISTOPHER BERNARD SIMMONS**

**Appeal from the Criminal Court for Davidson County**
**No. 2014-D-3063     Joseph P. Binkley, Jr., Judge**

_____

**No. M2018-00937-COA-R3-CV**

_____

Defendant appeals the trial court's refusal to dismiss the State's claim that he violated Tennessee's implied consent statute. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Christopher Bernard Simmons, Nashville, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter;  and Alexander C. Vey, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

**Background**

This is a civil matter concerning an alleged implied consent violation committed by Defendant/Appellant Christopher Bernard Simmons.[2] On September 15, 2013, police

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Mr. Simmons did not include any statement of the relevant facts in his brief pursuant to Rule 27 of the Tennessee Rules of Appellate Procedure. As such, the facts are taken largely from Appellee the

responded to a car collision in Nashville, Tennessee. Upon arrival, Mr. Simmons was standing near the wreck. Due to Mr. Simmons's condition and the smell of alcohol on his person, a police officer asked Mr. Simmons to perform a field sobriety test. Mr. Simmons refused, responding "all rights reserved." Mr. Simmons thereafter supplied the police with his driver's license, again stating "all rights reserved" and informing others at the scene that he was not subject to Tennessee's laws and that the officers had no right to arrest him. The police thereafter placed Mr. Simmons under arrest for driving under the influence ("DUI"), read the implied consent form to Mr. Simmons, and told Mr. Simmons that they were requesting that he perform a chemical test for intoxicants, either a breath, urine, or blood test, and that his refusal would result in a violation of the implied consent law. When asked if he understood, Mr. Simmons responded: "With all rights reserved and no, I do not understand." Mr. Simmons refused to perform any tests or to sign the implied consent form.

Mr. Simmons was later indicted for one count of DUI and one count of violating the implied consent law. The case was assigned to the Second Circuit Court for Davidson County. There is no dispute that the DUI charge was eventually dismissed. On March 22, 2017, Mr. Simmons filed a pro se "Affidavit to Dismiss Case," which indicated that Mr. Simmons was entering a special appearance as "administrator of CHRISTOPHER BERNARD SIMMONS Trust."[3] In this filing, Mr. Simmons argued that dismissal was warranted because the Petitioner/Appellee State of Tennessee ("the State") failed to respond to his "Notice of Bill of Particulars" and his "notice of TENNESSEE OPEN RECORDS ACT REQUEST," that the State had committed a trespass against the trust, and that the State lacked "Power of Attorney through the IRS, FTC, or the SEC." The motion also alleged that the State failed to state a claim and that the court did not have personal or subject matter jurisdiction. The trial court eventually denied Mr. Simmons's motion by order entered on or around May 12, 2017.

On June 21, 2017, Mr. Simmons filed a "declaration of rebuttal" to the trial court's order, as well as a notice of interlocutory appeal "in the nature of a writ of error." The relief that Mr. Simmons requested in his interlocutory appeal "notice" was to reverse the trial court's finding of personal and subject matter jurisdiction and award Mr. Simmons costs and fees. Mr. Simmons thereafter attempted to appeal to this Court, which appeal was dismissed for lack of jurisdiction. *See* ***State v. Simmons***, No. M2017-02008-COA-UNK-CV (Tenn. Ct. App. Oct. 12, 2017) (holding that this Court lacked jurisdiction as no final order had been entered, nor had an interlocutory or extraordinary appeal ever been granted). The case was thereafter transferred to the Fifth Circuit Court for Davidson County.

---

State of Tennessee's brief, as well as the trial court's later written order.

[3] Mr. Simmons filed a multitude of pleadings in the trial court. We discuss only those that are pertinent to this appeal.

A bench trial on the implied consent violation was set for November 13, 2015. On that day, Mr. Simmons raised a constitutional challenge to the implied consent law. As a result, the trial court continued the trial in order to notify the Tennessee Attorney General of the challenge. In his later filings on this issue, Mr. Simmons argued that the implied consent law violated state and federal constitutions "when private property is extracted at the scene without a warrant" and as well as the defendant's right to travel. The Tennessee Attorney General thereafter declined to intervene in the case, but the State responded in opposition to Mr. Simmons's constitutional challenge. Mr. Simmons responded again with his contentions regarding the lack of jurisdiction of the trial court, as well as an argument that the implied consent law was "an attempt of theft of property by government agency in violation of right to religion."

The trial court eventually heard oral argument on Mr. Simmons's constitutional challenge prior to trial on April 19, 2018. The trial court orally ruled that Mr. Simmons's right to travel was not infringed and that Mr. Simmons failed to show a violation of his religious liberty. A bench trial thereafter occurred regarding the implied consent violation.[4] The trial court issued an order on April 20, 2018, finding that Mr. Simmons violated the implied consent law. As such, the trial court revoked Mr. Simmons's license for a period of one year. Mr. Simmons thereafter filed a "declaration of rebuttal" and a notice of appeal. The trial court entered a written order confirming its ruling on the constitutional challenge on May 17, 2018.

## Issues Presented

Mr. Simmons raises the following issues, which are taken verbatim from his brief:

1. Whether the trial court erred as the STATE OF TENNESSEE failed to provide pertinent documents associated to the Notice of Bill of Particulars, FILE # 136 534 089 US and RF 136 534 092 US creating a contract/obligation. Pursuant to the Notice of Bill of Particulars AND Tennessee Open Records Act Request resulting in a breach of contract by THE STATE OF TENNESSEE giving rise to a lack of subject matter jurisdiction and lack of personal jurisdiction?
2. Whether the trial court erred via trespass on CHRISTOPHER BERNARD SIMMONS copyright properly published and no one contained Power of Attorney or Affidavit under penalty of perjury showing authorization to administer?
3. Whether the trial court erred by not addressing STATE OF TENNESSEE's failure to respond to the AFFIDAVIT To DISMISS a civil matter and subsequent request for permission for Interlocutory Appeal that had not been heard?

---

[4] The record does not contain a transcript or statement of the evidence from this trial.

- 3 -

4. Whether the trial court erred by violating Claimant's constitutionally protected liberties to private property and religious belief without a warrant?
5. Whether the trial court erred admitting into evidence a legal binding document without the presence of legal counsel when evidence show a lack of understanding to an implied or adhesion contract where Claimant provided a "Without Prejudice" to the Tennessee Driver's license and rescinded all signatures?
6. Whether the trial court erred by failing to properly certify the constitutional challenge and proceeded to provide a final judgment before rejecting the constitutional challenge, as well as the attorney general failed to properly intervene as prescribed?

## Discussion

As an initial matter, we note that Mr. Simmons is proceeding pro se in this appeal, as he did throughout most of the trial court proceedings. As this Court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (citations omitted). We keep these principals in mind in considering Mr. Simmons's appeal.

## I.

As we perceive it, Mr. Simmons first argument is that the State's failure to respond to his request for a bill of particulars and open records request result in a lack of personal and subject matter jurisdiction in this case. Respectfully, we disagree.

"A 'Bill of Particulars' allows a criminal defendant to seek details of the charge against him." *Palmer v. Palmer*, No. E2009-00882-COA-R3-CV, 2010 WL 1849268, at *6 (Tenn. Ct. App. May 7, 2010) (citing Tenn. R. Crim. P. 7(c); *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991)). As an initial matter, we note that upon the dismissal of the criminal charge against Mr. Simmons, this matter became solely civil in nature, rather than criminal. According to Tennessee Code Annotated section 55-10-406(a)(1):

> A law enforcement officer who has probable cause to believe that the operator of a motor vehicle is driving while under the influence of any intoxicant, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system, or combination thereof as prohibited by § 55-10-401, or committing the offense of vehicular assault under § 39-13-106, aggravated vehicular assault under § 39-13-115, vehicular homicide under § 39-13-213(a)(2), or aggravated vehicular homicide under § 39-13-218, may request that the operator of the vehicle submit to a breath test, blood test, or both tests for the purpose of determining the alcohol or drug content, or both, of that operator's blood[.]

The refusal to submit to a test authorized under the specific rules of section 55-10-407 constitutes a civil penalty where the driver's license is revoked. Tenn. Code Ann. § 55-10-407 (providing for different periods of revocation depending on the defendant's history). "Violation of the implied consent law is not a criminal offense unless the individual was driving while under a revoked or suspended license due to a prior DUI conviction or other enumerated offense." *State v. Freeman*, 402 S.W.3d 643, 648 (Tenn. Ct. App. 2012) (citing Tenn. Code Ann. § 55-10-406(a) (2012)); *see also State v. Pinchak*, 277 S.W.3d 912 (Tenn. Crim. App. 2005) (noting that "the defendant's violation of the implied consent law . . . is not a criminal offense; it is a civil offense imposing an 'administrative penalty.'"). A case involving only an implied consent violation is, therefore, "in the nature of a civil action[.]" *Freeman*, 402 S.W.3d at 648.

The Tennessee Rules of Civil Procedure do not authorize the filing of a bill of particulars in civil matters. *But see* Tenn. Code Ann. § 36-4-106 (allowing the trial court to order the plaintiff to file a bill of particulars in divorce matter upon motion of the defendant). Instead, Rule 12.05 of the Tennessee Rules of Civil Procedure authorizes a defendant in a civil action to file a motion for a more definite statement where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" Tenn. R. Civ. P. 12.05. The Rules makes clear, however, that the plaintiff need only file a more definite statement "[i]f the motion is granted" by the trial court. *Id.* Here, Mr. Simmons filed no such motion and the trial never ordered the State to provide a more definite statement concerning the charge against Mr. Simmons.

Moreover, even assuming that the filing of a bill of particulars was authorized and the request was appropriate,[5] Mr. Simmons has cited no law to support his argument that the failure to timely respond to such a request deprives the trial court of subject matter jurisdiction over the action or personal jurisdiction over the defendant. The same is true of any request under the Tennessee Open Records Act. *Cf.* **Schneider v. City of Jackson**, 226 S.W.3d 332, 340 (Tenn. 2007) (quoting Tenn. Code Ann. § 10-7-505(a) (1999)) ("Tennessee citizens denied access to governmental records have the right to file a petition in court and 'to obtain judicial review of the actions taken to deny the access.'"). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." **Sneed v. Bd. of Prof'l Responsibility of Supreme Court**, 301 S.W.3d 603, 615 (Tenn. 2010). As such, this argument is without merit and the trial court did not err in denying Mr. Simmons's request to dismiss this action on this basis.

## II.

Mr. Simmons's next issue appears to concern the State's alleged failure to provide a power of attorney "through the IRS, FTC, or the SEC." Mr. Simmons's argument on this issue is largely nonsensical, but again appears to concern personal jurisdiction. Tennessee clearly has personal jurisdiction over Mr. Simmons, who was charged with violating Tennessee law by driving under the influence and refusing to participate in testing authorized by section 55-10-406. *See* **State v. Williams**, No. M2012-00242-CCA-R3-CD, 2012 WL 4841547, at *1 (Tenn. Crim. App. Oct. 3, 2012) (citing **State v. Keller**, 813 S.W.2d 146, 149 (Tenn. Crim. App. 1991) ("The circuit courts necessarily have jurisdiction over the individuals charged with crimes by indictments returned by grand juries in the respective counties."); *see also* **State v. MacKinnon**, No. E2009-00093-CCA-R3-CD, 2011 WL 1460167, at *3 (Tenn. Crim. App. Mar. 30, 2011) ("The Code gives to the trial court . . . the authority for determining whether the noncriminal implied consent law was violated."). Moreover, it well-settled that Mr. Simmons, as a Tennessee domiciliary, is subject to personal jurisdiction in Tennessee.[6] *See* **Milliken v. Meyer**, 311 U.S. 457, 462, 61 S. Ct. 339, 342, 85 L. Ed. 278 (1940) ("Domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction[.]").

---

[5] The request is largely nonsensical, as it refers to Mr. Simmons as a trust that is to be administered. Moreover, although Mr. Simmons claims that both the request for a bill of particulars and a written notice stating that the State never responded to the request were notarized, neither document that is contained in the record actually contain a signature or seal from a Tennessee notary public.

[6] In his brief, Mr. Simmons indicates that his address is in Nashville, Tennessee. In all the pleadings filed in the trial court, Mr. Simmons also listed a Tennessee address. Even if not a Tennessee resident, Tennessee's long-arm statute provides a basis for personal jurisdiction over those who committed tortious acts in the state. *See* Tenn. Code Ann. § 20-2-214(a) (providing personal jurisdiction over "[a]ny tortious act or omission within this state," as well as "[a]ny basis not inconsistent with the constitution of this state or of the United States").

Again, Mr. Simmons cites no law to support his argument that the trial court lacked personal jurisdiction over him in this matter. As such, this argument is unavailing.

## III.

Mr. Simmons next argues that the trial court erred in denying his request for an interlocutory appeal of the trial court's decision not to dismiss the case against him. Mr. Simmons contends that as a result of the trial court's purported refusal to grant an interlocutory appeal, this Court should reverse the trial court and allow Mr. Simmons to proceed with an interlocutory appeal. Rule 36(b) of the Tennessee Rules of Appellate Procedure provides, in relevant part that "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). Here, even assuming that the trial court was presented with an appropriate request for an interlocutory appeal and failed to rule on the request,[7] any such purported error is harmless. Appellant is fully able to present whatever errors he contends were committed with regard to the trial court's denial of his request to dismiss the case in this appeal from the trial court's final judgment. *Cf. Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995) (holding that while the denial of a motion to dismiss is not a final, immediately appealable judgment, it may be raised in an appeal following a final judgment); *see, e.g., Precision Castings of Tennessee, Inc. v. H & H Mfg. Co.*, No. M2012-00334-COA-R3-CV, 2012 WL 3608668, at *3 (Tenn. Ct. App. Aug. 22, 2012) (considering the trial court's decision to deny the defendant's motion to dismiss in an appeal following a final judgment). This issue is therefore without merit.

## IV.

Mr. Simmons next contends that the trial court violated his "constitutionally protected liberties to private property and religious belief without warrant." As our supreme court has explained:

> The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "no [w]arrants shall issue, but upon probable cause." Likewise, article I, section 7 of the Tennessee Constitution ensures that "the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures," and that "general warrants" lacking particularity and evidentiary support "ought not to be granted." Neither the text of the Fourth Amendment nor that of article 1, section 7 specifies when a search warrant

---

[7] Mr. Simmons "Notice of Interlocutory Appeal," did not mention the Tennessee Rule of Appellate Procedure governing such appeals. Additionally, the relief requested did not involve the grant of an interlocutory appeal to this Court.

must be obtained, but the United States Supreme Court "has inferred that a warrant must generally be secured." **Kentucky v. King**, 563 U.S. 452, 459, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). The same general rule applies to article I, section 7.

**State v. McCormick**, 494 S.W.3d 673, 678 (Tenn. 2016) (footnote omitted). Although the United States Supreme Court has not approved of charging individuals with crimes for refusal to comply with mandatory blood test laws, *see* **Birchfield v. North Dakota, 136 S. Ct. 2160**, 195 L. Ed. 2d 560 (2016), other courts have held that even considering this precedent, implied consent laws that involve only a civil penalty for refusal to submit to chemical testing do not run afoul of constitutional privacy protections. **State v. Domenge-Delhoyo**, 790 S.E.2d 139, 150 (Ga. Ct. App. 2016) ("[T]he Supreme Court's holding in **Birchfield** is limited to those states in which criminal penalties are imposed based upon a refusal to submit to a blood test."). There can be no dispute in this case that Mr. Simmons faced only a civil penalty for his alleged violation of Tennessee's implied consent law. *See* Tenn. Code Ann. § 55-10-407(a). Moreover, the trial court's order shows that Mr. Simmons refused to submit not just to a blood test, but also to breath and urine tests, which arguably require less protection than more intrusive blood tests. *See* **Birchfield**, 136 S. Ct. at 2176 (quoting **Skinner v. Ry. Labor Executives' Ass'n**, 489 U.S. 602, 626, 109 S. Ct. 1402, 1418, 103 L. Ed. 2d 639 (1989)) ("[B]reath tests do not 'implicat[e] significant privacy concerns.'"). Mr. Simmons has not cited any caselaw to support his argument that the implied consent law and the resulting revocation of his driver's license under the circumstances at issue nevertheless resulted in a violation of his constitutionally protected rights against unreasonable searches and seizure.[8] *See generally* **Sneed**, 301 S.W.3d at 615. As such, this issue is without merit.

## V.

Mr. Simmons next argues that the trial court erred in "admitting into evidence a legal binding document without the presence of legal counsel when evidence show a lack of understanding to an implied or adhesion contract where [Mr. Simmons] provided a 'Without Prejudice' to the Tennessee Driver's license and rescinded all signatures?" (internal citations omitted). Again, this argument is difficult to discern. While initially discussing contractual capacity, a doctrine not at issue in this case, Mr. Simmons therefore proceeds to discuss issues of religious freedom and the right to travel.

As an initial matter, the requirement of a driver's license and the revocation of a license do not run afoul of the constitutional right to travel. As the Court of Criminal Appeals has explained:

---

[8] Mr. Simmons cites considerable law in this portion of his appellate brief. The law cited involves general principles of constitutional jurisprudence, rather than anything relevant to the particular issues in this case.

This Court agrees with Appellant's contention that he enjoys a fundamental right to freedom of travel. *See* [***State v.***] ***Booher***, 978 S.W.2d [953,] 955 [(Tenn. Crim. App. 1997)]. However, Appellant's right to travel has not been infringed upon by the requirement by our legislature that an individual have a valid driver's license to lawfully operate a motor vehicle on the public highways of this state. ***Id.*** at 955–56.

***State v. Williams***, No. M2012-00242-CCA-R3-CD, 2012 WL 4841547, at \*2 (Tenn. Crim. App. Oct. 3, 2012). Indeed, "[t]he ability to drive a motor vehicle on a public highway is not a fundamental 'right.' Instead, it is a revocable 'privilege' that is granted upon compliance with statutory licensing procedures." ***Booher***, 978 S.W.2d at 956 (citations omitted). Mr. Simmons's argument that the revocation of his license under the implied consent law violated his right to travel is therefore unpersuasive.

We are likewise not persuaded by Mr. Simmons's contention that the implied consent law violates his religious liberty. Like much of the rest of his brief, Mr. Simmons's argument on this issue is difficult to understand. Importantly, Mr. Simmons cites no law concerning religious freedom or its application to an implied consent violation to support this argument. "The failure to cite authority to support an argument on appeal constitutes a waiver of the issue." ***McGarity v. Jerrolds***, 429 S.W.3d 562, 566 n.1 (Tenn. Ct. App. 2013). We are cognizant of Mr. Simmons's self-represented status in this litigation. However, we must not shift the burden to the State to argue against an unintelligible and unsupported argument. *See* ***Hessmer***, 138 S.W.3d at 903–04. Likewise, we have no burden to argue Mr. Simmons's case for him. Consequently, any argument that the application of the implied consent law violates Mr. Simmons's religious freedom is waived.

## VI.

Finally, Mr. Simmons contends that the trial court did not follow proper procedure in notifying the Tennessee Attorney General of his constitutional challenge to the implied consent law and the Tennessee Attorney General further violated Tennessee law in refusing to intervene in this action. Respectfully, we disagree.

This issue is governed by Rule 24.04 of the Tennessee Rules of Civil Procedure:

When the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any action to which the State or an officer or agency is not a party, the court shall require that notice be given the Attorney General, specifying the pertinent statute, rule or regulation.

Assuming that this rule is relevant where the State is already a party to the case, the record indeed contains an order, dated December 14, 2017, confirming that the Tennessee Attorney General had been notified on or before December 5, 2017, of Mr. Simmons's

constitutional challenge. Moreover, on December 5, 2017, a representative of the Tennessee Attorney General's Office declined to intervene in the case. As such, any duty to notify the Tennessee Attorney General has clearly been met in this case. Despite Mr. Simmons's argument otherwise, the Tennessee Attorney General was not required to intervene in this action. *Cf.* **Constr. Crane & Tractor, Inc. v. Wirtgen Am., Inc.**, No. M2009-01131-COA-R3-CV, 2010 WL 1172224, at *6 (Tenn. Ct. App. Mar. 24, 2010) (noting that the Tennessee Attorney General declined to intervene in a case involving a constitutional challenge to a statute). Moreover, Mr. Simmons has simply shown no prejudice that resulted from the fact that the Tennessee Attorney General was not involved in this case. *See* Tenn. R. App. P. 36(b). Thus, this issue lacks merit.

As a final matter, we note that Mr. Simmons does not raise any issues regarding the evidence presented of his refusal to submit to chemical testing pursuant to Tennessee Code Annotated sections 55-10-406 and 55-10-407. Indeed, the record on appeal does not contain a transcript or statement of the evidence presented during the bench trial in this matter. In the absence of a transcript or statement of the evidence, "'we must presume that the record, had it been accurately presented to this Court, would contain sufficient evidence to support the trial court's decision.'" **Stratienko v. Stratienko**, 529 S.W.3d 389, 400 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Aug. 16, 2017) (quoting **Heikkenen v. Heikkenen**, No. M2005-01084-COA-R3-CV, 2007 WL 1411842, at *4 (Tenn. Ct. App. May 11, 2007)). Having determined that Mr. Simmons's arguments on appeal are without merit,[9] we therefore affirm the trial court's finding that Mr. Simmons violated the implied consent law, as well as the trial court's decision to revoke Mr. Simmons's license for a period of one year as a penalty for the violation.

### Conclusion

The judgment of the Davidson County Circuit Court is affirmed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this opinion. Costs of this appeal are taxed to Appellant Christopher Bernard Simmons, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[9] Any arguments made by Mr. Simmons in his briefs that are not specifically addressed by this Court are hereby denied. As an example, at one point in his reply brief, Mr. Simmons makes the following assertion: "[A]ny use [of] deceptive language by converting claimant's private self-propelled conveyance into a motor vehicle ([Mr. Simmons] is not in commerce) is a misrepresentation of a material fact, wherein the claimant is private and does not use the public highways/roads for private gains[.]" (Footnotes omitted).

- 10 -