IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 24, 2020

## JOSEPH S. MCNAIR, JR. v. BERT BOYD, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-19-CV-94    Stacy L. Street, Judge**

_____

### No. E2019-01524-CCA-R3-HC

_____

Petitioner, Joseph S. McNair, Jr., appeals from the dismissal of his petition for habeas corpus relief. On appeal and in his *pro se* petition, Petitioner argues that he is entitled to habeas corpus relief because the trial court permitted the State to improperly amend the original indictment. After review of the record and the briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Joseph S. McNair, Jr., Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; and Kenneth C. Baldwin, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

Petitioner was convicted of possession with intent to sell more than 0.5 grams of cocaine in a drug-free zone, possession with intent to deliver more than 0.5 grams of cocaine in a drug-free zone, and simple possession of marijuana. The trial court merged the two possession of cocaine convictions and imposed a sentence of twelve years to be served in confinement. The trial court further ordered a concurrent sentence of eleven months and twenty-nine days for the marijuana possession conviction. On direct appeal, Petitioner argued that the evidence was insufficient to support his conviction for

possession with intent to sell more than 0.5 grams of cocaine, and that the trial court erred by denying his motion to suppress. This court affirmed the convictions on appeal. *State v. Joseph Sanford McNair, Jr.*, No. E2014-00916-CCA-R3-CD, 2015 WL 12978200 (Tenn. Crim. App. Feb. 25, 2015).

On April 9, 2019, Petitioner filed a *pro se* petition for writ of habeas corpus, alleging that the trial court lost jurisdiction when it permitted the State to improperly amend his indictment. After its review, the habeas corpus court summarily dismissed the petition.

**Analysis**

Article I Section 15 of the Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. According to Tenn. Code Ann. §29-21-101, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." However, the grounds for which such relief may be granted are very limited. *State v. Richie*, 20 S.W.3d 624, 629 (Tenn. 2000).

Habeas corpus relief is available only in cases where it appears facially on the record, "that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Habeas corpus relief is therefore only available in instances of void judgements, as opposed to voidable judgments. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "A voidable judgment or sentence is one which is facially valid but which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity." *Powers v. State*, No. M2009-00937-CCA-R3-HC, 2010 WL 27948, at *1 (Tenn. Crim. App. May 12, 2010) (citing *Taylor v. State*, 995 S.W.2d at 83). Petitioners may not attack a facially valid judgment in a habeas corpus proceeding. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The petitioner bears the burden of establishing a void judgment by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). Determining whether to grant habeas corpus relief is a question of law, and therefore appellate review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007).

Petitioner argues that he is entitled to habeas corpus relief because the trial court allowed the State to improperly amend his indictment. However, an improperly amended indictment renders a judgment voidable, not void on its face. *Gary E. Aldridge v. State*, No. M2005-01861-CCA-R3-HC, 2006 WL 1132073, at *3 (Tenn. Crim. App. Apr. 28, 2006); *Victor E. McConnel v. Morrow*, No. E2010-02341-CCA-R3-HC, 2011 WL 1361569, at *3 (Tenn. Crim. App. April 11, 2011); *Eric D. Wallace v. Chapman*, No. M2012-00749-CCA-R3-HC, 2012 WL 5543055 (Tenn. Crim. App. Nov. 9, 2012).

"Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived." *Wyatt v. State*, 24 S.W.3d 319, 322-23 (Tenn. 2000) (citing Tenn. R. Crim. P. 12(b)(2), (f)). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton,* 978 S.W.2d 528, 529 (Tenn. 1998). The Tennessee Supreme Court has stated that an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citing *State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991); *VanArsdall v. State*, 919 S.W.2d 626, 630 (Tenn.Crim.App.1995); *State v. Smith,* 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)). In this case, there is no indication in the record that the indictment is invalid. Petitioner is not entitled to habeas corpus relief in this appeal.

## CONCLUSION

The judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, JUDGE